**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Daniel Allen Davis ) | |
|     Plaintiff ) | |
| v. ) | **COMPLAINT** |
| Nassau County, Detective Peter Sikinger, ) | JURY TRIAL DEMAND |
| Detective Joseph Albergo, Officer Ryan O'Leary ) | |
| Detective Christopher Cohen ) | |
|     Defendants. ) | |

_____

**PRELIMINARY STATEMENT**

1. Daniel Allen Davis ("Mr. Davis" or "Plaintiff") was falsely arrested and spent approximately six months in custody despite law enforcement personnel possessing DNA evidence that exonerated him.

2. Mr. Davis brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of her rights under the Constitution of the United States of America and the New York State Constitution as well as common law claims.

**JURISDICTION AND VENUE**

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth , Eighth, and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution and New York Common Law. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because Mr. Davis' claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Eastern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

## THE PARTIES

5. Plaintiff Daniel Allen Davis is a resident of Nassau County, New York.

6. Defendant Detective Peter Sikinger –was at all times relevant to this Complaint a duly appointed and acting employee of Nassau County and the Nassau County Police Department, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of Nassau County and the Nassau County Police Department. They are sued in their individual capacity.

7. Defendant Police Officer Ryan O'Leary –was at all times relevant to this Complaint a duly appointed and acting employee of Nassau County and the Nassau County Police Department, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of Nassau County and the Nassau County Police Department. They are sued in their individual capacity.

8. Defendant Detective Joseph Albergo –was at all times relevant to this Complaint a duly appointed and acting employee of Nassau County and the Nassau County Police Department, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of Nassau County and the Nassau County Police Department. They are sued in their individual capacity.

9. Defendant Detective Christopher Cohen –was at all times relevant to this Complaint a duly appointed and acting employee of Nassau County and the Nassau County

Police Department, acting under color of law and in their individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of Nassau County and the Nassau County Police Department. They are sued in their individual capacity.

10. Defendant Nassau County is a municipal corporation organized under the laws of the State of New York. It operates the Nassau County police department, a department or agency of defendant Nassau County responsible for the appointment, training, supervision, promotion and discipline of correction officers and supervisory correction officers, including the individually named defendants herein. Nassau County is sued pursuant to General Municipal Law - GMU § 50.

## STATE LAW CLAIMS PREREQUISITES

11. That all acts and incidents complained of herein occurred the County of Nassau and State of New York.

12. That within 90 days after the state law claim of malicious prosecution and accrued, plaintiff served a Notice of Claim, in writing, sworn by the claimant, containing the name and post office address of the plaintiff and plaintiff's attorney, the nature of the claim, the time when, the place and the manner by which the claim arose, the items of damage and the injuries claimed to have been sustained, to be served upon the defendants by delivering a copy thereof to the person designated by law as a person to whom such claims may be served.

13. That plaintiff appeared for a hearing pursuant to § 50-H of the General Municipal Law on or about March 04, 2025. That the defendants have not adjusted, settled the claim since the Notice of Claim was served and it has exceeded 30 days. That this claim has been commenced and this action has been started within one year and ninety days after the accrual of

the state law violation upon which the New York State law claims are based and that all conditions and requirements precedent to the commencement of this action have been complied with.

### JURY DEMAND

15. Plaintiff Daniel Allen Davis demands a jury trial.

### STATEMENT OF FACTS COMMON TO ALL CLAIMS

16. On August 19, 2023, a road rage incident occurred where to males driving a gray Jeep Compass opened fire at another vehicle. The victim' vehicle was hit multiple times.

17. Video footage showed that the passenger of the Jeep Compass, who opened fire on the victim, was wearing a hat that fell off while this person was driving.

18. This hat was covered when officers came to the scene the same day and was sent to the Office of Medical Examiner (OCME) for DNA analysis.

19. On August 21, 2023, Marcquise Porter was arrested for the offense. He was identified as the driver of the vehicle.

20. Upon information and belief, a suggestive photo array was conducted that identified Plaintiff as the shooter in the vehicle.

21. As a result of this suggestive identification procedure, Plaintiff was arrested on October 24, 2023 and indicted on November 03, 2023.

22. Ultimately, Plaintiff's DNA was excluded as a contributor to the DNA profile of the individual with a hat. Despite this, Plaintiff remained incarcerated.

23. Further, law enforcement personnel learned from an informant that Plaintiff was not the shooter in the vehicle. Despite this, Plaintiff remained incarcerated.

24. Plaintiff was not released until approximately May 09, 2024, despite law enforcement knowing that he was not the shooter.

25. However, even upon release, Plaintiff inexplicably and unjustifiably had an ankle monitor placed on him. This placed an additional limitation on his freedom even though the NDA knew there was no reasonable basis to do so.

26. All charges were eventually dismissed on or before June 27, 2024.

27. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the NCPD, its agents, servants and/or employees.

28. As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, physical injury, severe anxiety, humiliation, and embarrassment, damage to personal reputation, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

## CLAIMS FOR RELIEF
### Claim I: Malicious Prosecution Under 42 U.S.C. § 1983 & NY State Law

29. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

30. At the aforementioned times and locations, was detained and held under the imprisonment and control of the DEFENDANTS and other unidentified officers of the NPD present on the scene without probable cause.

31. DEFENDANTS commenced the criminal action against Plaintiff in the absence of any probable cause that a crime had been committed.

32. DEFENDANTS commenced this criminal action out of malice.

33. The criminal action against Plaintiff has terminated in his favor.

34. That at all times hereinafter mentioned, said arrest, confinement and restraint of liberty was not otherwise privileged.

35. That Plaintiff was conscious of the confinement.

36. That as a direct, sole and proximate result of the false arrest, imprisonment, and malicious prosecution, Plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal reputation, inconvenience, and the disturbance and disruption of life.

37. The acts and conduct of the DEFENDANTS were the direct and proximate cause of injury and damage to the Plaintiff and violated his statutory and common law rights as guaranteed by the law of the Constitutions of the State of New York and of the United States.

38. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and his standing within their community.

39. As a result of DEFENDANTS' impermissible conduct, Plaintiff demand judgment against DEFENDANTS in a sum of money to be determined at trial.

**Claim IL Violations of the Right To a Fair Prosecution & Due Process of Law Under 42 U.S.C. § 1983**

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

41. That DEFENDANTS falsely stated under penalty of perjury, and then forward this information to the Nassau County District Attorney's Office, information made to give the misleading and false impression that the, *inter alia*, arrest and detainment and prosecution of Plaintiff was legally justified.

42. That the aforementioned statements by the DEFENDANT, and actions by the DEFENDANT, consisted of fabricated and falsified information was utilized and relied upon by the Nassau County District Attorney's Office, used to secure an indictment, and utilized at trial.

43. Furthermore, DEFENDANTS failed to timely disclose material favorable to the defense in contravention of Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), and their progeny.

44. The Individual DEFENDANTS acting individually and in concert and conspiracy, deliberately, and recklessly.

45. At all times DEFENDANTS were acting within their scope of their employment with the DEFENDANT, The County of Nassau, at the aforesaid location.

46. That this information caused Plaintiff to be denied his liberty and right to a fair prosecution in violation of fourth, fifth, sixth, and fourteenth amendments of the United States Constitution.

### Claim III: Failure To Intervene Under 42 U.S.C. § 1983

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Those defendants that were present but did not actively participate in the

aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged: loss of freedom, and damage to their reputation and their standing within their community.

### Claim IV: Violations of the New York State Constitution

50. Plaintiff repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

51. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 8, 9, 11, and 12, and including the following rights:

   a. freedom from unreasonable search and seizure of his person and property;

   b. freedom from arrest without probable cause;

   c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;

   d. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and

   e. freedom from deprivation of liberty without due process of law.

52. As a direct and proximate result of defendants' deprivations of Plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, Plaintiff suffered physical, economic and emotional injuries, as well as a deprivation of liberty.

53. As a result of the above tortious conduct, Plaintiff was caused to suffer physical, economic, and emotional injuries, as well as a deprivation of liberty.

54. As a result of the above unconstitutional conduct, the County of NAssau is liable for the conduct of the Individual Defendants and any damages they caused under the doctrine of *respondeat superior*.

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

DATED: this 24th Day of September 2025          New York, New York

Yours, etc.

Lord Law Group PLLC

_____
Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1005

*Counsel for Plaintiff Daniel Allen Davis*